IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05 CR 10203 RWZ**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **COUNTS ONE-TWO**: 8 U.S.C. §1324(a)(1)(A)(i)(II) - Aiding and Abetting Alien Smuggling |
| v. | : | |
| (1) MARIO VIANA | : | **COUNTS THREE-FOUR**: 8 U.S.C. §1324(a)(2)(B)(ii) - Alien Smuggling For Private Financial Gain |
| (2) JULIO VIANA | : | |
| | : | **COUNT FIVE**: 18 U.S.C. §1960 - Unlicensed Money Remitting |
| | : | **COUNTS SIX-EIGHTEEN**: 31 U.S.C. §5324(a)(3) - Structuring Financial Transactions |
| | : | **FORFEITURE ALLEGATIONS** |

## SUPERCEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE:
### 8 U.S.C. §1324(a)(1)(A)(i)(ii) - Aiding and Abetting Alien Smuggling

Beginning on a date unknown to the Grand Jury and continuing until at least March of 2004, in the District of Massachusetts and elsewhere,

**MARIO VIANA**

the defendant herein, knowing that a person is an alien, aided and abetted bringing to and attempting to bring to the United States in any manner whatsoever, an alien, at a place other than a designated port of entry or place other than as designated by

the Commissioner, regardless of whether such alien received prior official authorization to come to, enter and reside in the United States and regardless of any future official action which might be taken with respect to such alien, which offense was done for the purpose of private financial gain.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i); Title 8, United States Code, Section 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT TWO:
## 8 U.S.C. §1324(a)(1)(A)(i)(ii) - Aiding and Abetting Alien Smuggling

Beginning on a date unknown to the Grand Jury and continuing until at least May of 2004, in the District of Massachusetts and elsewhere,

**MARIO VIANA**

the defendant herein, knowing that a person is an alien, aided and abetted bringing to and attempting to bring to the United States in any manner whatsoever, an alien, at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien received prior official authorization to come to, enter and reside in the United States and regardless of any future official action which might be taken with respect to such alien, which offense was done for the purpose of private financial gain.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i); Title 8, United States Code, Section 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

### COUNT THREE:
### 8 U.S.C. §1324(a)(2)(B)(ii)- Alien Smuggling

Beginning on a date unknown to the Grand Jury and continuing until March of 2004, in the District of Massachusetts and elsewhere,

**MARIO VIANA**

the defendant herein, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter and reside in the United States, brings to and attempts to bring to the United Sates in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien and the offense was for the purpose of private financial gain.

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT FOUR:
### 8 U.S.C. §1324(a)(2)(B)(ii)- Alien Smuggling

Beginning on a date unknown to the Grand Jury and continuing until May of 2004, in the District of Massachusetts and elsewhere,

**MARIO VIANA**

the defendant herein, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter and reside in the United States, brings to and attempts to bring to the United Sates in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien and the offense was for the purpose of private financial gain.

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT FIVE:
## 18 U.S.C. §1960- Illegal Money Remitting

Beginning on or about January 6, 2004 and continuing until on or about April 7, 2005, in the District of Massachusetts and elsewhere,

**MARIO VIANA and JULIO VIANA**

the defendants herein, knowingly conducted, controlled, managed, supervised, directed and owned all or part of an unlicensed money transmitting business.

All in violation of Title 18, United States Code, Section 1960 and Title 18, United States Code, Section 2.

The Grand Jury further charges:

**COUNTS SIX- EIGHTEEN:**
**31 U.S.C. §5324(a)(3)- Structuring Financial Transactions**

On or about the dates listed below, in the District of Massachusetts and elsewhere,

**JULIO VIANA**

the defendant herein, for the purpose of evading the reporting requirements of Section 5313(a) and 5325 and any regulation prescribed under any such section, the reporting and recordkeeping requirements imposed by any order issued under Section 5326 and the recordkeeping requirements imposed by any regulation prescribed under Section 21 of the Federal Deposit Insurance Act and Section 123 of Public Law 91-508, did structure and assist in structuring and attempt to structure and assist in structuring the transaction listed below with one or more domestic financial institutions.

| COUNT | DATE | TIME | AMOUNT |
|---|---|---|---|
| SIX | 02/03/2004 | | $9,000.00 |
| SEVEN | 02/04/2004 | | $9,000.00 |
| EIGHT | 02/05/2004 | | $9,000.00 |
| NINE | 02/06/2004 | | $9,500.00 |
| TEN | 02/07/2004 | | $9,500.00 |
| ELEVEN | 03/24/2004 | 9:48 AM | $6,000.00 |
| TWELVE | 03/24/2004 | 12:54 PM | $5,000.00 |

| THIRTEEN | 07/08/2004 | 11:22 AM | $ 8,500.00 |
| FOURTEEN | 07/08/2004 | 12:13 PM | $10,000.00 |
| FIFTEEN | 07/17/2004 | 11:34 AM | $ 8,000.00 |
| SIXTEEN | 07/17/2004 | 12:22 PM | $ 9,000.00 |
| SEVENTEEN | 07/21/2004 | 9:16 AM | $ 9,500.00 |
| EIGHTEEN | 07/21/2004 | 11:14 AM | $ 1,500.00 |

All in violation of Title 31, United States Code, Section 5324(a)(3), 31 CFR §103.22(b)(1) and Title 18, United States Code, Section 2.

**First Forfeiture Allegation (18 U.S.C. §982(a)(6); 8 U.S.C. §1324(b) and 28 U.S.C. §2461)**

The Grand Jury further charges that:

1. As a result of committing the offenses alleged in Counts One, Two, Three and Four of this indictment, Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. §1324(a)(1)(A)(II), and Alien Smuggling for Private Financial Gain, in violation of 8 U.S.C. §1324(a)(2)(B)(ii),

**MARIO VIANA,**

the defendant herein, if convicted, shall forfeit to the United States, pursuant to, 18 U.S.C. §982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense, and/or, pursuant to 8 U.S.C. §1324(b) and 28 U.S.C. §2461, any conveyance, including any vessel, vehicle, or aircraft, that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, including, but not limited to:

(a) a sum of U.S. Currency not less than fifteen thousand dollars.

2. If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. §982, 28 U.S.C. §2461 and 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in accordance with 18 U.S.C. §982(a)(6); 8 U.S.C. §1324(b), 28 U.S.C. §2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

**Second Forfeiture Allegation (18 U.S.C. §982(a)(1))**

The Grand Jury further charges that:

1. As a result of committing the offenses alleged in Count Five, Illegal Money Remitting, in violation of 18 U.S.C. §1960,

**MARIO VIANA and JULIO VIANA**

the defendants herein, if convicted, shall forfeit to the United States, pursuant to, 18 U.S.C. §982(a)(1), any property, real or personal involved in such offenses, or any property traceable to such property, including, but not limited to:

(a) a sum of U.S. Currency not less than one million dollars;

2. If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C.

§982 and 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in accordance with 18 U.S.C. §982(a)(1) and Rule 32.2(a), Federal Rules of Criminal Procedure.

**Third Forfeiture Allegation (31 U.S.C. §5317)**

The Grand Jury further charges that:

1. As a result of committing the offenses alleged in Counts Six through Eighteen, Structuring Financial Transactions, in violation of 31 U.S.C. §5324(a)(3),

**JULIO VIANA,**

the defendant herein, if convicted, shall forfeit to the United States, pursuant to 31 U.S.C. §5317, all property, real or personal involved in such offenses, and any property traceable thereto, including, but not limited to:

(a) a sum of U.S. Currency not less than one hundred three thousand and five hundred dollars ($103,500);

2. If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 31 U.S.C. §5317 and 21 U.S.C. §853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in accordance with 31 U.S.C. §5317 and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
NADINE PELLEGRINI
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS                November 9, 2005

Returned into the District Court by the Grand Jurors and filed.

_____ 11/9/05
Deputy Clerk @ 3:10 PM

05 CR 10203-RWZ

JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet**      **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____  **Category No.** II  **Investigating Agency** ICE/IRS

City Peabody

Related Case Information:

County Essex

Superseding Ind./ Inf. X    Case No. 05-10203-RWZ
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number 05-1673-CBS
Search Warrant Case Number 05-1671-CBS
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  JULIO VIANA     Juvenile ☐ Yes ☒ No

Alias Name _____

Address _____

Birth date (Year only): 1968  SSN (last 4 #): ____  Sex M  Race: H  Nationality: BRAZILIAN

Defense Counsel if known: Roger Witkin    Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA  N. Pellegrini    Bar Number if applicable _____

Interpreter: ☒ Yes ☐ No  List language and/or dialect: Portuguese

Matter to be SEALED: ☐ Yes ☒ No

☐ Warrant Requested    ☐ Regular Process    ☒ In Custody

**Location Status:**

Arrest Date: June 28, 2005

☒ Already in Federal Custody as _____ in Massachusetts
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

Charging Document: ☐ Complaint ☐ Information ☒ Indictment

Total # of Counts: ☐ Petty ☐ Misdemeanor ☒ Felony

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 11/9/05    Signature of AUSA: _/s/ N. Pellegrini_

05 CR 10203 RWZ

$JS 45 (5/97) - (Revised USAO MA 6/9/04)

**Criminal Case Cover Sheet**            **U.S. District Court - District of Massachusetts**

Place of Offense: _____  Category No. **II** _____  Investigating Agency **ICE/IRS** _____

City    **Peabody** _____  Related Case Information:

County    **Essex** _____  Superseding Ind./ Inf. **X** _____  Case No. **05-10203-RWZ**
                                                 Same Defendant _____  New Defendant _____
                                                 Magistrate Judge Case Number    **05-1673-CBS**
                                                 Search Warrant Case Number    **05-1671-CBS**
                                                 R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name    **Mario Viana** _____  Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address _____

Birth date (Year only): _____  SSN (last 4 #): _____  Sex **M**  Race: **H** _____  Nationality: **BRAZILIAN**

**Defense Counsel if known:**    **Geoffrey Nathan** _____  Address: _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA    **N. Pellegrini** _____  Bar Number if applicable _____

Interpreter:    ☒ Yes   ☐ No      List language and/or dialect:    **Portuguese**

Matter to be SEALED:    ☐ Yes   ☒ No

     ☐ Warrant Requested        ☐ Regular Process        ☒ In Custody

**Location Status:**

Arrest Date:    **June 28, 2005**

☒ Already in Federal Custody as _____ in   **Massachusetts** _____ .
☐ Already in State Custody _____   ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:    ☐ Complaint     ☐ Information     ☒ Indictment

Total # of Counts:    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony _____

                     **Continue on Page 2 for Entry of U.S.C. Citations**

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:   **11/9/05**            Signature of AUSA: *[signature]*

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant** _____

### U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 8 USC 1324 | Alien Smuggling | 1-4 |
| Set 2 | 18 USC 1960 | Structuring Financial Transactions | 5 |
| Set 3 | Forfeiture Allegations | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant _____

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1960 | Unlicensed Money Remitting | 5 |
| Set 2  31 USC 5324(a)(3) | Structuring Financial Transactions | 6-18 |
| Set 3  Forfeiture Allegations | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: