UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
              Plaintiff,         )
                                 )
         v.                      )  CRIMINAL NO. 05-10203-RWZ
                                 )
(1) MARIO VIANA                  )
(2) JULIO VIANA                  )
```

## MOTION FOR ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue an Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982, 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c).  A proposed Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.   On November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with the following violations: Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two); Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four); and Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five).  The Superseding Indictment also charged Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960

(Count Five); and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen).

2.   The First Forfeiture Allegation of the Superseding Information sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a) (6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324 (b) and 28 U.S.C. § 2461. The property to be forfeited included, without limitation:

a sum of United States Currency not less than fifteen thousand dollars ($15,000.00).

3.   The Second Forfeiture Allegation of the Superseding Information sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana of the offense charged in Count Five of the Superseding Indictment, of any property,

real or personal involved in such offenses, or any property

traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1),

including, but not limited to:

> a sum of United States Currency not less than one
> million dollars ($1,000,000.00).

4.    The Third Forfeiture Allegation of the Superseding

Indictment sought the forfeiture, as a result of Defendant Julio

Viana's conviction of the offenses charged in Counts Six through

Eighteen of the Superseding Indictment, of all property, real or

personal involved in such offenses, and any property traceable to

such property, pursuant to 31 U.S.C. § 5317, including, but not

limited to:

> a sum of United States Currency not less than one
> hundred three thousand and five hundred dollars
> ($103,500.00).

5.    The First, Second, and Third Forfeiture Allegations of

the Superseding Indictment all further provided that, if any of

the forfeitable property, as a result of any act or omission by

the Defendants (a) cannot be located upon the exercise of due

diligence; (b) has been transferred or sold to, or deposited with

a third party; (c) has been placed beyond the jurisdiction of the

Court; (d) has been substantially diminished in value; or (e) has

been commingled with other property which cannot be subdivided

without difficulty, it is the intention of the United States,

pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317, and 28 U.S.C. §

2461, all incorporating by reference 21 U.S.C. § 853(p), to seek

forfeiture of any other property of the Defendants up to the value of the property described in subparagraphs (a) through (e) above.

6.    On February 28, 2006, the Defendants pled guilty to Counts One through Eighteen of the Superseding Indictment.  At a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States provided the Court with a basis for the forfeitures alleged in the Superseding Indictment, and the Court advised the Defendants of the applicable forfeitures.

7.    The United States has not, as of this date, identified specific assets that constitute or were derived from proceeds traceable to the commission of the offenses to which the Defendants have pled guilty.

8.    Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of:

> (a)  a personal money judgment against Defendant Mario Viana, in the amount of $15,000.00 in United States currency;
>
> (b)  a personal money judgment against Defendant Julio Viana, in the amount of $103,500.00 in United States currency; and

(c) a personal money judgment against Defendants Mario

Viana and Julio Viana, jointly and severally, in

the amount of $1,000,000.00 in United States

currency.

9. The entry of an Order of Forfeiture in the form of a
personal money judgment is specifically authorized by Rule
32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.
Such orders of forfeiture are commonplace. See, e.g., United
States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir.
1999)(criminal forfeiture order may take several forms, including
an in personam judgment against defendant for amount of money
defendant obtained as proceeds of offense); United States v.
Conner, 752 F.2d 566, 576 (11th Cir. 1985)(criminal forfeiture
follows defendant because it is in personam; money judgment
against defendant for amount of money that came into his hands
illegally is appropriate, government is not required to trace
money to specific asset); United States v. Ginsburg, 773 F.2d
798, 801-02 (7th Cir. 1985)(en banc)(criminal forfeiture is
personal judgment that requires defendant to pay total amount
derived from criminal activity, "regardless of whether the
specific dollars received from that activity are still in his
possession"); United States v. Amend, 791 F.2d 1120, 1127 (4th
Cir. 1986)(same); United States v. Robilotto, 828 F.2d 940, 949
(2d Cir. 1987) (following Conner and Ginsburg; the court may

5

enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); <u>United States v. Navarro-Ordas</u>, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds).

10.  Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendants, having a value up to the amount of the money judgments, as substitute assets.  <u>See</u> <u>Candelaria-Silva</u>, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); <u>United States v. Baker</u>, 227 F.3d 955 (7th Cir. 2000) (same).

WHEREFORE, by virtue of the Defendants' guilty pleas, money judgments should be entered against the Defendants.  Accordingly, the United States respectfully requests that this Court enter an Order of Forfeiture in the form submitted herewith.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney,

<u>/s/Kristina E. Barclay</u>
NADINE PELLEGRINNI
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: May 8, 2006          (617) 748-3100

6

## <u>CERTIFICATE OF SERVICE</u>

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion for Order of Forfeiture, as well as the proposed Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<u>/s/Kristina E. Barclay</u>
Kristina E. Barclay
Assistant U.S. Attorney

Dated: May 8, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                Plaintiff,      )
                                )
        v.                      ) CRIMINAL NO. 05-10203-RWZ
                                )
(1) MARIO VIANA                 )
(2) JULIO VIANA                 )


**ORDER OF FORFEITURE**

**ZOBEL, D.J.**,

WHEREAS, on November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two), Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four), and Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and charging Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen);

WHEREAS, the First Forfeiture Allegation of the Superceding Information sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in

the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a) (6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324 (b) and 28 U.S.C. § 2461, including, without limitation:

> a sum of United States Currency not less than fifteen thousand dollars ($15,000.00);

WHEREAS, the Second Forfeiture Allegation of the Superseding Information sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana of the offense charged in Count Five of the Superseding Indictment, of any property, real or personal involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1), including, but not limited to:

> a sum of United States Currency not less than one million dollars ($1,000,000.00);

WHEREAS, the Third Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of Defendant Julio Viana's conviction of the offenses charged in Counts Six through

Eighteen of the Superseding Indictment, of all property, real or personal involved in such offenses, and any property traceable to such property, pursuant to 31 U.S.C. § 5317, including, but not limited to:

> a sum of United States Currency not less than one hundred three thousand and five hundred dollars ($103,500.00);

WHEREAS, the First, Second, and Third Forfeiture Allegations of the Superseding Indictment all further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 31 U.S.C. § 5317, and 28 U.S.C. § 2461, all incorporating by reference 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendants up to the value of the property described in subparagraphs (a) through (e) above;

WHEREAS, at a February 28, 2006 hearing held pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendants pled guilty to Counts One through Eighteen of the Superseding Indictment, the United States provided the Court with

3

a basis for the forfeitures alleged in the Superseding
Indictment, and the Court advised the Defendants of the
applicable forfeitures;

WHEREAS, the United States has filed a Motion for Order of
Forfeiture which would consist of:

(a) a personal money judgment against Defendant Mario
Viana, in the amount of $15,000.00 in United
States currency;

(b) a personal money judgment against Defendant Julio
Viana, in the amount of $103,500.00 in United
States currency; and

(c) a personal money judgment against Defendants Mario
Viana and Julio Viana, jointly and severally, in
the amount of $1,000,000.00 in United States
currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal
Procedure provides that "no ancillary proceeding is required to
the extent that the forfeiture consists of a money judgment,"

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Mario Viana shall forfeit to the United
States the sum of $15,000.00 in United States currency, pursuant
to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b) and 28 U.S.C. §
2461.

4

2.    Defendant Julio Viana shall forfeit to the United States the sum of $103,500.00 in United States currency, pursuant to 31 U.S.C. § 5317.

3.    Defendants Mario Viana and Julio Viana shall forfeit to the United States, jointly and severally, the sum of $1,000,000.00 in United States currency, pursuant to 18 U.S.C. § 982(a)(1).

4.    This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

5.    The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraphs 1 through 3 to satisfy the money judgments in whole or in part.

_____
RYA W. ZOBEL
United States District Judge

Date:

5