```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
         v.                    ) CRIMINAL NO. 05-10203-RWZ
                               )
(1)MARIO VIANA                 )
(2)JULIO VIANA                 )
         Defendants.           )
```

**UNITED STATES' MOTION**
**FOR PARTIAL FINAL ORDER OF FORFEITURE**

The United States, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a partial Final Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461 (c). A proposed Partial Final Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.  On November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with the following violations: Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two); Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four); and Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five). The Superseding Indictment also charged Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960

(Count Five); and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen).

    2.    The First Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a) (6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324 (b) and 28 U.S.C. § 2461. The property to be forfeited included, without limitation:

>  a sum of United States Currency not less than fifteen thousand dollars ($15,000.00).

    3.    The Second Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana of the offense charged in Count Five of the Superseding Indictment, of any property,

real or personal involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1), including, but not limited to:

> a sum of United States Currency not less than one million dollars ($1,000,000.00).

4. The First and Second Forfeiture Allegations of the Superseding Indictment further provided that, if the of the forfeitable property, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461, incorporating by reference 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendants up to the value of the property described in subparagraphs (a) through (e) above.

5. On February 28, 2006, Defendant Mario Viana plead guilty to Counts One through Five of the Superseding Indictment.

6. On June 5, 2006, the Court endorsed an Order of Forfeiture ordering a money judgment against Defendant Mario Viana in the amount of $15,000 and a money judgment against Defendants Mario Viana and Julio Viana jointly and severely in the amount of $1,000,000.

7.   On June 5, 2006, the Court issued a Preliminary Order of Forfeiture, forfeiting Defendant Mario Viana's interest in $5,402.00 in United States Currency (the "Currency") seized from Defendant Mario Viana on June 28, 2005;

8.   Notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the <u>Boston Herald</u> on June 28, 2006, July 5, 2006, and July 12, 2006.

9.   No claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on August 11, 2006.

WHEREFORE, the United States respectfully moves that this Court enter the Partial Final Order of Forfeiture against the Currency in the form submitted herewith.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney,

                                      <u>/s/ Kristina E. Barclay</u>
                                      NADINE PELLEGRI
                                      KRISTINA E. BARCLAY
                                      Assistant U.S. Attorneys
                                      United States Courthouse
                                      Suite 9200
                                      1 Courthouse Way
                                      Boston, MA 02210
                                      (617) 748-3100

Date: October 23, 2006

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion of the United States for Final Order of Forfeiture, as well as the proposed Final Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Kristian E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Date: October 23, 2006

```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
         v.                    ) CRIMINAL NO. 05-10203-RWZ
                               )
(1)MARIO VIANA                 )
(2)JULIO VIANA                 )
         Defendants.           )
```

## PARTIAL FINAL ORDER OF FORFEITURE

**ZOBEL, D.J.,**

WHEREAS, on November 9, 2005, a federal grand jury sitting in the District of Massachusetts returned an eighteen-count Superseding Indictment charging Defendant Mario Viana with the following violations: Aiding and Abetting Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(1)(A)(i)(II) (Counts One and Two); Alien Smuggling, in violation of 8 U.S.C. § 1324 (a)(2)(B)(ii) (Counts Three and Four), Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and charging Defendant Julio Viana with Unlicensed Money Remitting, in violation of 18 U.S.C. § 1960 (Count Five), and Structuring Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) (Counts Six through Eighteen);

WHEREAS, the First Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of Defendant Mario Viana's conviction of one or more of the offenses charged in Counts One through Four of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in

the commission of the offense, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, or that is used to facilitate, or intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982 (a) (6), and/or, any conveyance, including any vessel, vehicle, or aircraft that has been used or is being used in the commission of the offense, the gross proceeds of the offense, and any property traceable to such conveyance or proceeds, pursuant to 8 U.S.C. § 1324 (b) and 28 U.S.C. § 2461, including, without limitation:

> a sum of United States Currency not less than fifteen thousand dollars ($15,000.00);

WHEREAS, the Second Forfeiture Allegation of the Superseding Indictment sought the forfeiture, as a result of the conviction of Defendants Mario Viana and Julio Viana of the offense charged in Count Five of the Superseding Indictment, of any property, real or personal involved in such offenses, or any property traceable to such property, pursuant to 18 U.S.C. § 982 (a)(1), including, but not limited to:

> a sum of United States Currency not less than one million dollars ($1,000,000.00);

WHEREAS, on February 28, 2006, Defendant Mario Viana plead guilty to Counts One through Five of the Superseding Indictment;

WHEREAS, on June 5, 2006, the Court endorsed an Order of Forfeiture ordering a money judgment against Defendant Mario Viana in the amount of $15,000 and a money judgment against Defendants Mario Viana and Julio Viana jointly and severely in the amount of $1,000,000;

WHEREAS, on June 5, 2006, the Court issued a Preliminary Order of Forfeiture, forfeiting Defendant Mario Viana'S interest in $5,402.00 in United States Currency (the "Currency") seized from Mario Viana on June 28, 2005; and

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the <u>Boston Herald</u> on June 28, 2006, July 5, 2006, and July 12, 2006;

WHEREAS, no claims of interest in the Currency have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on August 11, 2006.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The United States' Motion for a Final Order of Forfeiture is allowed.

2.  The United States of America is now entitled to the forfeiture of all right, title, or interest in the Currency, and the Currency is hereby forfeited to the United States of America

pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982 and 28 U.S.C. § 2461 (c).

3.   Any parties having any right, title or interest in the Currency are hereby held in default.

4.   The United States is hereby authorized to dispose of the Currency in accordance with applicable law.

 

 

_____
RYA W. ZOBEL
United States District Judge

Dated: _____